IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TANYA SANCHEZ,
individually and on behalf of M.S., her minor
daughter, VINCENT SANCHEZ,
and DANIELLE BRIZENO,

      Plaintiffs,

vs.                                                                                                                  Civ. No. 13-444 KG/CG

ROSE SURRATT, DANNY SURRATT,
SHIRLEY SEAGO and JASON
DAUGHERTY, in their individual capacities,

      Defendants.

MEMORANDUM OPINION AND ORDER

      This matter comes before the Court upon Defendant Rose Surratt's Motion for Summary Judgment Based on Qualified Immunity and Memorandum of Law in Support Therefor [sic] (Motion for Summary Judgment), filed August 2, 2013. (Doc. 24). Plaintiffs filed a response on August 22, 2013, and Defendant Rose Surratt (Ms. Surratt) filed a reply on September 4, 2013. (Docs. 27 and 29). On June 3, 2015, Plaintiffs also filed a Notice of Supplemental Authority. (Doc. 31). Having reviewed the Motion for Summary Judgment, which the Court construes as a Fed. R. Civ. P. 12(b)(6) motion to dismiss, the Complaint (Doc. 1), the accompanying briefs, and the Notice of Supplemental Authority, the Court denies the Motion for Summary Judgment, construed as a motion to dismiss.

*A. Whether to Construe the Motion for Summary Judgment as a Motion to Dismiss*

      The Motion for Summary Judgment relies solely on the factual allegations in the Complaint. Because the Court need not look beyond the Complaint to decide the Motion for Summary Judgment, the Court construes the Motion for Summary Judgment as a Rule 12(b)(6)

motion to dismiss. *See, e.g., Zavacki v. Arthur Schumann Midwest, LLC,* 2010 WL 3420098, at *1 (N.D. Ill.); *Parra v. Jones*, 2005 WL 946839, at *2 (W.D. Tex.); *Oyler v. Finney*, 870 F. Supp. 1018, 1020 n.1(D. Kan. 1994), *aff'd*, 52 F.3d 338 (10th Cir. 1995).

B. *The Complaint: Relevant Factual Allegations and Claims*

Ms. Surratt is the mother of Plaintiff Tanya Sanchez, who is the mother of M.S. and Plaintiff Danielle Brizeno. (Doc. 1) at ¶¶ 1 and 11. Plaintiff Vincent Sanchez is Plaintiff Tanya Sanchez's husband and the father of M.S. *Id.* at ¶ 2. Defendant Danny Surratt is Ms. Surratt's husband and Plaintiff Tanya Sanchez's stepfather. *Id.* at ¶ 11. Plaintiffs contend that the Lea County Sherriff's Department employed Ms. Surratt and Defendant Danny Surratt as deputies at the time the incidents at issue in this lawsuit occurred. *Id.* at ¶ 10.

Plaintiffs allege that on two occasions in May 2010 Defendant Danny Surratt sexually molested M.S., who was nine-years old at the time. *Id.* at ¶¶ 16-20. According to Plaintiffs, M.S. reported the molestation to Plaintiff Brizeno, who reported the molestation to Ms. Surratt. *Id.* at ¶ 21. Plaintiffs allege that, as a deputy, Ms. Surratt "had experience investigating sex crimes against children [and] began an investigation into what M.S. had reported." *Id.* at ¶ 22. Plaintiffs claim that Ms. Surratt instructed Plaintiff Vincent Sanchez "to bathe M.S., including the cleaning of her private parts," because Ms. Surratt intended to destroy evidence of her husband's molestation of M.S. *Id.* at ¶¶ 24 and 26. Plaintiffs allege that Plaintiff Vincent Sanchez relied on Ms. Surratt's experience and, in fact, cleaned M.S. *Id.* at ¶ 27. Plaintiffs also assert that in February 2013 Defendant Danny Surratt was convicted of molesting M.S. *Id.* at ¶ 49.

Of the nine Counts brought by Plaintiffs in this case, only Count II pertains to Ms. Surratt. In Count II, Plaintiffs bring a 42 U.S.C. § 1983 claim against Ms. Surratt for violating

M.S.'s Fourteenth Amendment right to substantive due process by depriving M.S. of her right to bodily integrity.  *Id.* at ¶¶ 64 and 67.  More particularly, Plaintiffs allege that Ms. Surratt "intentionally, or with deliberate indifference, instructed Vincent Sanchez to wash M.S. in order to destroy evidence and/or to obstruct any ensuing investigation," and that Ms. Surratt's conduct shocks the conscience.  *Id.* at ¶¶ 66 and 68.

Plaintiffs clarify in their response that they are not claiming that Ms. Surratt's conduct kept Plaintiffs from filing a legal claim against Defendant Danny Surratt.  (Doc. 27) at 5.  Plaintiffs specifically assert that they base their claim against Ms. Surratt on the allegation that she "interfered with M.S.'s bodily integrity in order to destroy evidence that her husband sexually abused a 9 year old girl."  *Id.*  In other words, Plaintiffs claim that Ms. Surrett caused M.S.'s father to physically violate M.S.'s bodily integrity by washing her private parts, not that Ms. Surratt attempted to destroy evidence of her husband's molestation of M.S.  Ms. Surratt now moves to dismiss Count II on the basis of qualified immunity.

C.  *Rule 12(b)(6) Standard of Review*

In ruling on a Rule 12(b)(6) motion to dismiss, the Court must accept all well-pleaded allegations as true and must view them in the light most favorable to the plaintiff.  *See Zinermon v. Burch*, 494 U.S. 113, 118 (1990); *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir.1984).  Rule 12(b)(6) requires that a complaint set forth the grounds of a plaintiff's entitlement to relief through more than labels, conclusions and a formulaic recitation of the elements of a cause of action.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must allege facts sufficient to state a plausible claim of relief.  *Id*. at 570.  A claim is facially plausible if the plaintiff pleads facts sufficient for the court to reasonably infer that the defendant is liable for the alleged

3

misconduct. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

To avoid a Rule 12(b)(6) dismissal based on the defense of qualified immunity, a plaintiff "must allege facts sufficient to show (assuming they are true) that the defendants plausibly violated their constitutional rights, and that those rights were clearly established at the time. This requires enough allegations to give the defendants notice of the theory under which their claim is made." *Robbins v. Oklahoma*, 519 F.3d 1242, 1249 (10th Cir. 2008).

*D. Discussion*

Ms. Surratt argues that "[w]hile it may be clearly established that the right to bodily integrity is a 'fundamental liberty interest' generally protected by the substantive due process clause and that substantive due process claims of sexual abuse by a state actor are clearly established law, it is not clearly established what specific standard applies to the particular facts of this case…." (Doc. 29) at 3-4. To be clearly established, the law must have been "sufficiently clear that a reasonable official would have understood that his conduct violated the right." *Currier v. Doran*, 242 F.3d 905, 923 (10th Cir. 2001). This generally requires "a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains." *Id.* (internal quotation marks omitted). Although a broad statement of law is insufficient to define clearly established law, neither must a previous decision "be materially factually similar or identical to the present case; instead the contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Thomas v. Kaven*, 765 F.3d 1183, 1194 (10th Cir. 2014) (internal quotation marks omitted). *See also Plumhoff v. Rickard*, ___ U.S. ___,

4

134 S.Ct. 2012, 2023 (2014) (brackets, ellipses, and internal quotation marks omitted). Consequently, the Tenth Circuit uses a "'sliding scale' under which 'the more obviously egregious the conduct in light of prevailing constitutional principles, the less specificity is required from prior case law to clearly establish the violation.'" *Browder v. City of Albuquerque*, 787 F.3d 1076, 1082 (10th Cir. 2015) (quoting *Shroff v. Spellman,* 604 F.3d 1179, 1189–90 (10th Cir. 2010) (alteration omitted)). As the Tenth Circuit recently explained:

> After all, some things are so obviously unlawful that they don't require detailed explanation and sometimes the most obviously unlawful things happen so rarely that a case on point is itself an unusual thing. Indeed, it would be remarkable if the most obviously unconstitutional conduct should be the most immune from liability only because it is so flagrantly unlawful that few dare its attempt.

*Id.* at 1082-83.

At the time of the alleged molestation of M.S. in 2010, it was established that to demonstrate a violation of substantive due process based on a deprivation of the right to bodily integrity a plaintiff must allege facts which show that the official's conduct shocks the conscience. *Williams v. Berney*, 519 F.3d 1216, 1220 (10th Cir. 2008). In determining whether conduct shocks the conscious, the Tenth Circuit and the United States Supreme Court recognized that conscience shocking conduct in one environment may not be so in another environment. *Id.* For example, when circumstances allow an official to deliberate before acting, that conduct may be more egregious than when circumstances call for an official to make a quick decision. *Id.* at 1220-21. When an official has time to actually deliberate before acting, the Tenth Circuit employed a deliberate indifference standard. *Green v. Post*, 574 F.3d 1294, 1301 (10th Cir. 2009). The deliberate indifference standard asks whether the official was "deliberate[ly] indifferen[t] to an extreme risk of very serious harm to the plaintiff." *Id.* at 1303.

Accepting Plaintiffs' allegations as true and viewing them in the light most favorable to Plaintiffs, Plaintiffs have alleged in the Complaint that Ms. Surratt abused her position as a deputy with experience investigating sex crimes against children to cause M.S., a child and Ms. Surratt's own granddaughter, to be deprived of the right to bodily integrity.  Plaintiffs further allege that Ms. Surratt acted as she did with the intent to destroy evidence that her husband had molested M.S.  The Court can reasonably infer from the Complaint that Ms. Surratt had time to actually deliberate before instructing Plaintiff Vincent Sanchez to clean M.S.  The Court could also reasonably infer that Ms. Surratt acted with deliberate indifference to the extreme risk of serious harm to M.S., a child, by using her authority as a law enforcement officer with experience in investigating sex crimes against children to instruct M.S.'s father to deprive M.S. of her right to bodily integrity.  Under these alleged egregious circumstances, the Court could, likewise, reasonably infer that Ms. Surratt's conduct shocks the conscience.  Plaintiffs have, therefore, alleged a plausible claim that Ms. Surratt violated M.S.'s right to substantive due process by depriving M.S. of her right to bodily integrity.

Although, as Ms. Surratt points out, there are no federal cases which directly address a situation similar to the one alleged in the Complaint, the "obviously egregious" nature of the alleged conduct does not necessitate that prior case law be factually specific to be clearly established.  Here, the established case law in 2010 was sufficiently clear that a reasonable official in Ms. Surratt's position as a deputy with experience in conducting investigations of sex crimes against children would have understood that instructing Plaintiff Vincent Sanchez to clean M.S. would deprive M.S. of her right to bodily integrity in violation of her right to substantive due process.  And, viewing the alleged circumstances, it is difficult to imagine how she would not have understood.  Consequently, Ms. Surratt is not entitled to qualified immunity

6

on the basis of the allegations in the Complaint.  The Court will, therefore, deny Ms. Surratt's Motion for Summary Judgment, construed as a motion to dismiss.

   IT IS ORDERED that Defendant Rose Surratt's Motion for Summary Judgment Based on Qualified Immunity and Memorandum of Law in Support Therefor [sic] (Doc. 24), construed as a motion to dismiss, is denied.

                /s/ Kenneth J. Gonzales
                UNITED STATES DISTRICT JUDGE