**UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO**

TANYA SANCHEZ, individually and
on behalf of M.S., her minor daughter,
VINCENT SANCHEZ, and
DANIELLE BRIZENO,

    Plaintiffs,

v.                                                                Civ. No. 13-444 GJF/KRS

DANNY SURRATT, SHIRLEY SEAGO,
and JASON DAUGHERTY, in their
individual capacities,

    Defendants.

## **ORDER GRANTING DEFENDANT DANNY SURRATT'S MOTION FOR SUMMARY JUDGMENT**

This matter comes before the Court on Defendant Danny Surratt's ("Defendant's") "Motion for Summary Judgment" ("Motion"). ECF No. 69. This motion was filed on August 17, 2017. Pursuant to Local Rule 7.4(a), Plaintiffs had fourteen (14) days by which to file their response. D.N.M.LR-Civ. 7.4(a).

Rule 6 of the Federal Rules of Civil Procedure provides:

**(a) Computing Time.** The following rules apply in computing any time period specified in these rules, in any local rule or court order, or in any statute that does not specify a method of computing time.
    **(1)** *Period Stated in Days or a Longer Unit.* When the period is stated in days or a longer unit of time:
        **(A)** exclude the day of the event that triggers the period;
        **(B)** count every day, including intermediate Saturdays, Sundays, and legal holidays; and
        **(C)** include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.

1

FED. R. CIV. P. 6(a) (emphasis in original). Thus, in computing the fourteen-day period allowed for Plaintiffs' response, the Court omits the day on which Defendant's Motion was filed. The first counted day is therefore August 18, 2017. *See id.* From that day, Plaintiffs' fourteen-day response time expired on August 31, 2017.

Plaintiffs filed no response by their deadline (nor in the five days since). And, under Local Rule of Civil Procedure 7.1(a), "[t]he failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion." D.N.M.LR-Civ. 7.1(a). Thus, Plaintiffs are deemed to have consented to the grant of Defendant's Motion.

Additionally, the Court has conducted an independent review of both the Motion and the record. Even viewing the record evidence in the light most favorable to the Plaintiffs, the Court concludes that there is no genuine issue of material fact as to whether Defendant was acting under color of state law when he allegedly victimized his granddaughter, M.S. He was not. His status on May 5, 2010, as an on-duty sheriff's deputy, and the badge and other accoutrements of that office, were entirely irrelevant to his retrieval of M.S. from school and the alleged sexual misconduct that then took place at her residence. And there can be even less question that Defendant was not acting under color of state law when – off-duty and at his own residence – he allegedly again sexually abused M.S. some ten days later. As the legal authorities cited in the Motion for Summary Judgment make clear, whatever civil liability may attach to Defendant will be the consequence of state tort law, not 42 U.S.C. § 1983. Consequently, the Court concludes that Defendant is entitled to judgment as a matter of law with respect to the § 1983 claim set forth in Count I of the Complaint.

Defendant has also requested that the Court in its discretion decline to exercise supplemental jurisdiction over the state battery claim pled in the alternative in Count I. *See* Def.'s Mot. 19, ECF No. 69.[1] Given that the Court has herein dismissed the only federal claim against Defendant over which it had original jurisdiction, the Court will decline to exercise supplemental jurisdiction over the remainder of Count I or the entirety of Count V. *See* 28 U.S.C. § 1367(c)(3); *see also Koch v. City of Del City*, 660 F.3d 1228, 1248 (10th Cir. 2011) ("When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims.") (quoting *Smith v. City of Enid ex rel. Enid City Comm'n*, 149 F.3d 1151, 1156 (10th Cir. 1998)).

For these reasons, **IT IS ORDERED** that Defendant Danny Surratt's Motion for Summary Judgment [ECF No. 69] is **GRANTED**.

**IT IS FURTHER ORDERED** that the federal civil rights version of Count I of Plaintiffs' Complaint is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the state battery claims in Counts I and V are **DISMISSED WITHOUT PREJUDICE** for refiling in a proper state forum.

**IT IS SO ORDERED.**

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE
*Presiding by Consent*

---

[1] Defendant asserts that, apart from Count I, he "is not named as a defendant any [sic] other count of the Complaint." Def.'s Mot. 19. This assertion appears to be inaccurate, given that he is also named – as the sole defendant – in Count V. *See* Pl.'s Compl. 8, ECF No. 1; *see also* Def. Danny Surratt's Answer ¶¶ 87-90, ECF No. 21 (denying liability as to Count V). Nonetheless, the Court in its discretion will treat in identical fashion the two state battery claims that remain pending against Defendant.